## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50172 | **DATE** | 8/13/2002 |
| **CASE TITLE** | Center Capital Corp. vs. Burmac Metal Finishing Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment as to Count II

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment as to Count II is granted. Defendant Burmac is hereby ordered to turnover to plaintiff possession of the equipment described in Schedule No. 1, which is attached to Exhibit 1 of plaintiff's verified complaint and is hereby incorporated in this order, within fifteen days from the date of this order. Plaintiff's motion for injunction or in the alternative immediate replevin [11] is moot. The parties are ordered to appear before Magistrate Judge Mahoney within the next thirty days.

(11) ■   [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | AUG 13 2002 | |
| | Notified counsel by telephone. | date docketed | 17 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 8-13-02 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Minute Order Form (06/97)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Center Capital Corporation ("Center Capital"), has filed a four-count verified complaint against defendants, Burmac Metal Finishing Co. ("Burmac"), Duane L. Dickson, and Susan I. Dickson. As Center Capital is incorporated with its principal place of business in Connecticut, all defendants are Illinois citizens (with Burmac having its principal place of business in Illinois), and the amount in controversy is alleged to exceed $75,000 (Compl. ¶ 16), diversity jurisdiction is proper under 28 U.S.C. § 1332. In this order the court addresses Center Capital's motion for summary judgment as to Count II, which is a replevin claim against Burmac.

Burmac has notified the court by letter that it does not intend to respond to Center Capital's motion and in fact admits it has no defense to the replevin count. In light of this concession, as well as the undisputed evidence submitted by Center Capital in support of its motion and the documents attached to its complaint, the court finds Center Capital has established, as required by Illinois law (which the parties, and therefore the court, assume applies to this diversity action), that it has a superior right to possession of the disputed property and has demonstrated the probability that it will ultimately prevail on the underlying claim to possession. See 735 ILCS 5/19-107. The property at issue is a certain piece of equipment described in Schedule No. 1, which is attached to the "Master Loan and Security Agreement" between Center Capital and Burmac, both of which are attached to the complaint. Because it is undisputed Burmac is in default under this agreement, Center Capital has performed all of its obligations under the agreement, and the agreement specifically provides for Center Capital to take possession of the equipment in the case of Burmac's default, the court finds Center Capital is entitled to summary judgment as to Count II.

For the reasons stated above, Center Capital's motion for summary judgment as to Count II is granted. Burmac is ordered to turnover to Center Capital possession of the equipment described in Schedule No. 1, which is hereby incorporated in this order, within fifteen days from the date of this order. Should Center Capital find it necessary, it may file a motion at a later date for an order of replevin under Rule 64. Because all defendants and Counts I, III, and IV still remain in this case, the court hereby orders counsel for all parties to appear before Magistrate Judge Mahoney within the next thirty days to discuss the resolution of the remaining claims.